**PRISCILLA BAKING CO. v. WELCH,**
Former Collector of Internal Revenue.
No. 3439.

Circuit Court of Appeals, First Circuit.

May 10, 1939.

Joseph A. Le Tourneau, of Boston, Mass., for appellant.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Attorney, both of Boston, Mass., on the brief), for appellee.

Before WILSON, Circuit Judge, and PETERS and SWEENEY, District Judges.

PER CURIAM.

This action was brought in the District Court of Massachusetts against the defendant, a former Collector of Internal Revenue, to recover processing taxes alleged to have been paid by the plaintiff under the Revenue Act of 1936, known as the Agricultural Adjustment Act, to other parties, from whom said taxes had been collected by the defendant. The plaintiff seeks by this action to have the taxes paid thereunder returned to him.

A demurrer was filed to the plaintiff's declaration by the defendant, which was sustained on the ground that Section 910 of the Agricultural Adjustment Act, 7 U. S.C.A. § 652, provides that no Collector of Internal Revenue shall be liable to any person for any act done by him in the assessment and collection of taxes under that Act, or for the recovery of money paid to him pursuant thereto.

Section 906 of said Agricultural Adjustment Act, 7 U.S.C.A. § 648, prohibits an action to recover a refund of processing taxes collected under the Act to be maintained in the District Courts, but provides a special board to consider and pass upon all controversies pertaining to such refunds, with provisions for review of its decisions by the Circuit Courts of Appeals and the Court of Appeals for the District of Columbia. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

The plaintiff has clearly misconceived his remedy, if any.

The judgment will be:

The judgment of the District Court is affirmed.